Tiffany R. Norman (SBN: 239873)
TRN LAW ASSOCIATES
654 Sacramento Street, Second Floor
San Francisco, CA 94111
Telephone: (415) 823-4566
Facsimile: (415) 762-5490

Attorney for Plaintiffs Joseph and
Linda Boessenecker

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH and LINDA BOESSENECKER<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK,<br><br>Defendant | **PLAINTIFFS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

## I.  INTRODUCTION

Plaintiffs' refinanced their loan with JPMorgan Chase Bank, NA ("Defendant"). Their original loan was also with Defendant. What should have been a simple refinance, has become a nightmare for Plaintiffs, which is continuous.

When Plaintiffs refinanced their loan, they were told it was paid in full. (First Amended Complaint, "FAC" ¶10) Within months, they were told there was a "shortage" in the payoff. (FAC, ¶11) Upon inquiry with Defendant, Plaintiffs received an email that the loan was paid in full. (FAC, ¶14) Within months, they received another letter stating that they owed a different amount. (FAC, ¶19) Then Defendant increased Plaintiffs monthly payments by $465.00, because, Defendant stated, there was an impound shortage. (FAC, ¶28) This lasted for almost one year.

Plaintiffs were then told their monthly payments were decreasing by $320.80 per month. (FAC, ¶32)

Plaintiffs then hired legal counsel, who sent Qualified Written Request ("QWR's") letters to Defendant in an attempt to understand what was happening with their loan. Two letters were sent for the original loan. (FAC, ¶42) Plaintiffs received some information from Defendant, but all not of the requested information. The information not received was a detailed explanation of their principle balance, with a clarification for their escrow payments and amount owed. (FAC, ¶43)

Plaintiffs' counsel sent another letter, this time for the refinanced loan. (FAC, ¶44) Defendant acknowledged receipt of this letter, yet did not respond, at all, to the letter. (FAC, ¶47) Thus, to date, Plaintiffs do not know what amount is owed on their loan, if there is in fact a impound/escrow shortage, or if they were overpaying by $465.00 per month for nearly one year.

## II.   PROCEDURAL HISTORY

Defendant's filed a Motion to Dismiss Plaintiff's Complaint. On July 24, 2013, the Court's Order denied Defendant's Motion to Dismiss several causes of action, including VIOLATION OF 12 U.S.C. §2605, Real Estate Settlement Procedures Act, "RESPA", 12 U.S.C. §§ 2601 et seq. The Court denied Defendant's request to dismiss this cause of action, and stated "Defendant, however, does not address plaintiffs' allegation that, on November 20, 2012, plaintiffs sent a second QWR, to which defendant allegedly did not respond. Further, plaintiffs do not allege there was no response to their first QWR, but, rather, that defendant's response was legally inadequate." (Order, p. 3, L. 2-6)

The Court granted leave to for Plaintiff's to file a First Amended Complaint for Negligence and Negligent Infliction of Emotional Distress. Plaintiffs filed their Amended Complaint. Defendant's filed their Motion to Dismiss, mainly stating they did not owe a duty of care to Plaintiffs, thus, their causes of action should be dismissed.

The Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) must be denied because: (1) it misrepresents the facts alleged; (2) it cites irrelevant law; and (3) the motion relies primarily on factual issues which are inappropriate for a Rule 12(b)(6) motion.

### III. **STANDARD OF REVIEW**

Motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are viewed with disfavor and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and draw reasonable inferences in favor of the plaintiff. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005). Inquiry into the adequacy of the evidence is improper. *Enesco Corp. v. Price/ Costco, Inc.,* 146 F.3d 1083, 1085 (9th Cir. 1998). A court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Plaintiffs submit that the motion to dismiss should be denied because the test is whether the facts, as alleged, support *any* valid claim entitling Plaintiff to relief . . . not necessarily the one intended by Plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The question presented by a motion to dismiss is not whether the Plaintiff will prevail in the action, but whether the Plaintiff is entitled to offer evidence in support of the claim. *Scheuer v. Rhodes*, 416 U.S. 232,236 (1974) overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 and *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544 (2009), prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and the court then determines whether

these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." *Id.*; *Erickson v. Pardus*, 551 U.S. 89 (2007).

"Plausibility," as it is used in *Twombly* and *Iqbal*, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A.  UNDER *IQBAL* AND *TWOMBLY*, PLAINTIFF HAS STATED FACTS SUFFICIENT TO SUPPORT EACH CAUSE OF ACTION

Rather than analyze the elements required for each claim and whether there are sufficient facts, which, if taken as true and in a light most favorable to Plaintiffs, as well as reasonable inferences to be made there from, Defendant has supported its motion to dismiss with various misstatements of law, and accordingly, the motion should be DENIED.

### IV. LEGAL ARGUMENT

**A. PLAINTIFFS HAVE ADEQUATELY STATED A CLAIM FOR "NEGLIGENCE" AND SHOWN DEFENDANT'S OWED PLAINTIFFS A DUTY TO RESPOND TO THEIR QUALIFIED WRITTEN REQUEST**

To state a claim for negligence a plaintiff must show that: (1) the defendant owed the plaintiff a legal duty; (2) defendant breached the duty; and, (3) the breach proximately and legally caused; (4) plaintiff's injuries. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477, (2001).

Defendant argues that Plaintiffs' cause of action cannot survive because Defendant's do not owe Plaintiffs a duty of care. "Plaintiffs' claim fails because they cannot show that Chase owed them a legal duty of care." (MTD, p. 3, L. 9) Defendant

cites to *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991) for the general rule in California that when a financial institution's involvement in a loan transaction does not exceed the scope of its conventional role as a mere lender of money, the institution owes no duty of care to a borrower. (MTD, p. 3, L. 9-13)

Next, Defendant's cite to case law proving that Defendant's do not owe a duty of care. First, Defendant's cite to *Newman v. Bank of N.Y. Mellon,* 2013 U.S. Dist. LEXIS 147562, *21 (E.D. Cal. Oct. 10, 2013) (emphasis added). *Newman* is a case regarding a borrower trying to get a loan modification. In *Newman,* the court stated "[w]ithout more, merely failing to respond to a loan modification application does not violate a duty of care. *Newman v. Bank of New York Mellon* (E.D. Cal., Apr. 11, 2013, 1:12-CV-1629 AWI GSA) 2013 WL 1499490.

Next, Defendant discusses *McCormick v. US Bank, N.A.,* 2013 U.S. Dist. LEXIS 34994, *220*36 (S.D. Cal. Mar. 12, 2013) (MTD, p. 5, L. 2-5) This case also involves a loan modification.

As does the next case Defendant cites to, *Ottolini v. Bank of America* (N.D. Cal., Aug. 19, 2011, C-11-0477 EMC) 2011 WL 3652501. However, the court acknowledges in *Ottolini* that a duty of care may arise through a statute. "It is true that, under California law, a duty of care may arise through a statute. *See Greystone Homes, Inc. v. Midtec, Inc.,* 168 Cal.App.4th 1194, 1215, 86 Cal.Rptr.3d 196 (2008) (noting that " '[a] duty of care may arise through statute, contract, the general character of the activity, or the relationship between the parties' "). But to the extent that Mr. Ottolini argues a duty of care based on § 2923.5, he is really bringing a claim for a violation of that statute. However, a failure to comply with § 2923.5 does not give rise to any damages remedy—only a remedy of a delay in foreclosure." *Ottolini v. Bank of America* (N.D. Cal., Aug. 19, 2011, C-11-0477 EMC) 2011 WL 3652501.

Thus, *Ottolini,* a case cited to by Defendant, the court acknowledged that a duty of care may arise through a statute.

Here, Plaintiffs case is not about loan modification, but about Defendant's failure to comply with a statute, RESPA, Section 2605(e), defined as "Duty of loan servicer to respond to borrower inquiries" 12 U.S.C.A. § 2605 (West). As can be seen, the word "duty" is in the statutory definition for 12 U.S.C.A. § 2605. Further:

> Section 2605(e) of RESPA sets forth the procedures that a loan servicer **must** follow and certain actions that it **must** take upon receiving a QWR from a borrower. Specifically, a "written response acknowledging receipt" of the request must be sent within 20 days, and an appropriate action with respect to the inquiry must be taken within 60 days after the receipt of the request. *See* 12 U.S.C. § 2605(e)((1)(A), (e)(2).  (emphasis added)
>
> *Quintero Family Trust v. OneWest Bank, F.S.B.* (S.D. Cal., Jan. 27, 2010, 09-CV-1561-IEG (WVG)) 2010 WL 392312

Additionally, a lender's duty to provide disclosures sufficient to show a duty of care between the lender and the borrower was found in *Champlaie v. BAC Home Loans Servicing, LP,* 2009 WL 3429622, at *24 (E.D.Cal. Oct.22, 2009). There, "the court considered the *Nymark* factors and concluded that a lender had a duty to make accurate disclosures, even though disclosures are within the scope of a lender's normal activities. *Id.*" Gonzalez v. First Franklin Loan Services* (E.D. Cal., Jan. 11, 2010, 109CV00941AWIGSA) 2010 WL 144862.

Additionally, the court has found a duty to respond to a borrower's inquiry, "[a] loan servicer also has a statutory duty to respond to a borrower's inquiry or 'qualified written request.' 12 U.S.C. § 2605(e)." *Sipe v. Countrywide Bank* (E.D. Cal. 2010) 690 F.Supp.2d 1141, 1154.  The loan servicer also has a duty to respond to a borrower's inquiry or "qualified written request." 12 U.S.C. § 2605(e).  *Keen v. American Home Mortg. Servicing, Inc.* (E.D. Cal. 2009) 664 F.Supp.2d 1086, 1097.

Fittingly, in their Motion to Dismiss, Defendant did not cite to a single case regarding QWR's and a servicer's duty to respond to QWR's. Instead, they cited to cases regarding loan modification, which are all irrelevant since Plaintiffs never filed a lawsuit based upon a loan modification, never tried to get a loan modification, and this lawsuit has nothing to do with a loan modification. It is based on a servicers, Defendant's, failure to respond to two QWR's sent by Plaintiffs.

Thus, there is a statutorily legal duty of care and obligation of a servicer to respond to a borrower's written request for information. Here, Defendant failed to do so. Defendant breached their duty. Plaintiffs suffered injuries by not being able to refinance their loan at the historic low rate.

Plaintiffs have established all of the factors of negligence. Thus, Defendant's Motion to Dismiss this cause of action must be overruled.

B. **PLAINTIFFS HAVE ADEQUATELY STATED A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

The elements of negligent infliction of emotional distress causes of action are (1) defendant engaged in negligent conduct; (2) plaintiff suffered serious emotional distress; and (3) defendant's negligent conduct was the cause of the serious emotional distress. *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1226, n.1 (2005).

Damages for emotional distress may be recovered only "when they result from the breach of a duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a special relationship between the two." *Christensen v. Super. Ct.*, 54 Cal. 3d 868, 890 (1991).

Defendant states that Plaintiffs' claim fails for three reasons. (MTD, p. 5, L. 19-27) First, according to Defendant, "responding to inquiries and engaging in correspondence regarding the servicing of a loan are actions Chase is legally entitled to take and cannot qualify as negligent conduct, let alone outrageous conduct."

However, it is unclear what Defendant is referring to when they state that they are responding to inquiries and engaging in correspondence regarding the servicing of a loan. If Defendant is referring to Chase sending Plaintiffs letters stating: 1. Their loan was paid off; 2. They were short and owed over $5,000.00; 3. They were short and owed over $3,000.00; 4. Their payments were increasing by over $400.00 per month; and 5. Their payments were decreasing by over $300.00 per month, (FAC, ¶79) this is not "engaging in correspondence" this is bad accounting, by a bank. It is so bad that Defendant's Motion to Dismiss Plaintiffs cause of action for violation of Rosenthal Act for unfair debt collections practices was overruled. Thus, Defendant's statement that they were "engaging in correspondence regarding the servicing of a loan" is unfounded and without merit.

Next, Defendant states they are not liable to Plaintiffs for a duty of care, "as it is well settled that no duty exists. *See supra,* Section IV.A." (MTD, p. 5, L. 22-24) However, Defendant did not demonstrate that they did not owe a duty of care when they cited to legal authority for loan modification cases. As Plaintiffs have shown, there was a statutory duty of care created legally as a matter of law through RESPA §2605(e). Defendant did not comply with the requirements to respond adequately to Plaintiffs' QWR's, thus breached their duty of care.

Lastly, Plaintiff, Mr. Bossenecker has suffered so much stress from Defendant's actions that he has had to see his doctor several times over the past four years. (FAC, ¶79) Plaintiff, and his doctor, has discussed Plaintiff's health and the impact Defendants actions have created on his health. Plaintiff's medical records memorialize their conversations, and discussions about Plaintiff's health as a result of Defendant's actions. Thus, Plaintiff has suffered serious emotional distress.

Therefore, Defendant's Motion to Dismiss Plaintiffs' cause of action should be overruled.

8
PLAINTIFFS' RESPONSE TO DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court overrule Defendant's motion to discuss for Plaintiffs' claims for Negligence and Negligent Infliction of Emotional Distress.

December 2, 2013                              /S/ Tiffany R. Norman
                                              Tiffany R. Norman
                                              Attorney for Plaintiffs