PHILIP A. MCLEOD, CASB No. 101101
philip.mcleod@kyl.com
ALEXANDER J. CASNOCHA, CASB No. 278803
alexander.casnocha@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. (erroneously sued as "JPMORGAN CHASE BANK")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH and LINDA BOESSENECKER,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>JPMORGAN CHASE BANK,<br><br>　　　　　　Defendant. | Case No. C 13 0491 MMC<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' TWO NEGLIGENCE CAUSES OF ACTION IN FIRST AMENDED COMPLAINT**<br><br>Date:　　　　January 17, 2014<br>Time:　　　　9:00 a.m.<br>Courtroom:　7, 19th Floor |

Defendant JPMORGAN CHASE BANK, N.A. ("Chase" or "Defendant") respectfully submits the following Reply Brief in support of its Motion to Dismiss the First Amended Complaint ("FAC") of plaintiffs JOSEPH and LINDA BOESSENECKER (collectively, "Plaintiffs").

**I.　INTRODUCTION**

Plaintiffs assert that Chase's Motion to Dismiss is flawed because "they cited to cases regarding loan modification, which are all irrelevant since Plaintiffs never filed a lawsuit based upon a loan modification, never tried to get a loan modification, and this lawsuit has nothing to do with a loan modification." (Opp. at 7:2-5.) However, Plaintiffs' Negligence cause of action in their FAC is premised on the claim that *Nymark v. Heart Federal Savings and Loan Association* is "not the prevailing case law regarding a duty" and that rather *Jolley v. Chase Home Finance, LLC*, <u>a loan</u>

modification case, is the "prevailing case law regarding a duty" of care. (FAC ¶ 71.) In fact, Plaintiffs argue in their FAC that *Jolley* and the present action are factually similar. (FAC ¶ 72.)

Plaintiffs' Opposition now ignores *Jolley* and asserts that a statutory violation of RESPA is sufficient to assert a breach of a duty of care. Regardless of how Plaintiffs choose to frame their negligence-based causes of action they still fail as the factual allegations of the FAC are identical to those made in the original Complaint. Accordingly, this Court should again find that Plaintiffs' claims fail since "Plaintiffs have not alleged defendant acted in any manner outside 'or beyond the domain of the usual money lender'" and that therefore Chase owed no duty of care to Plaintiffs. (Order of July 24, 2012 [Docket No. 24] at 7:2-4)

## II. LEGAL ARGUMENT

### A. Plaintiffs' Negligence-Based Claims Fail

As discussed in Defendant's Motion to Dismiss, a financial institution generally "owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 283 Cal. Rptr. 53, 57 (1991). This rule is also applied to loan servicers." *Azzini v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 24572 (S.D. Cal. Mar. 15, 2010)

Plaintiffs' Opposition now essentially characterizes their negligence claim as one of negligence per se: "there is a statutorily legal duty of care and obligation of a servicer to respond to a borrower's written request for information. Here, Defendant failed to do so. Defendant breached their duty." (Opp. at 7:7-9.)

Negligence per se is an evidentiary presumption that a party failed to exercise due care if:

(1) he violated a statute, ordinance, or regulation of a public entity;
(2) the violation proximately caused death or injury to a person or property;
(3) the death or injury resulted from an occurrence of the nature within the statute, ordinance, or regulation was designed to prevent; and
(4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669.

However, the negligence per se doctrine does not establish a cause of action distinct from negligence. *Peay v. Midland Mortg. Co.*, 2010 U.S. Dist. LEXIS 9143, *7-8 (E.D. Cal. Feb. 2, 2010)


(citing *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal. App. 4th 1166, 1178 (1998) ("[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed."); *Mendoza v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 112423 (N.D. Cal. Dec. 3, 2009).

"Rather, the negligence per se doctrine treats a statutory violation as evidence of negligence." *Id. (*quoting *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 333 (1991). Even in instances where a statutory provision is violated, a "plaintiff is not entitled to a presumption of negligence in the absence of an underlying negligence action." *Peay*, 2010 U.S. Dist. LEXIS 9143, *7-8 [citing *Coyotzi v. Countrywide Fin. Corp.*, No. 09-1036, 2009 WL 2985497, at *6 (E.D. Cal. Sept.16, 2009) (quoting *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006))]. "[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. In such circumstances the plaintiff is not attempting to pursue a private cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying upon the violation of a statute, ordinance, or regulation to establish part of that cause of action." *Sierra-Bay Fed. Land Bank Assn.*, 227 Cal. App. 3d at 331. Without a "viable duty", a claim for negligence and/or negligence per se fails, despite an attempt by Plaintiffs "to invoke a statutory violation." *Coyotzi*, 2009 U.S. Dist. LEXIS 91084, *16-17.

Indeed, courts have routinely found that plaintiffs ***cannot*** assert a negligence claim via a statutory violation of RESPA. *See, e.g., Avila v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 34071, at *5 (N.D. Cal. Mar. 29, 2011) (analyzing nearly identical language, the court found that "lenders do not owe any fiduciary duty to borrowers" and concluded that the claim was insufficiently pled); *see also Virostek v. Indymac Mortg. Servs., 2011 U.S. Dist. LEXIS 150186, 36-37 (D. Colo. Sept. 6, 2011)* ("Plaintiffs' assertion that Defendant IndyMac owed them a duty of care under TILA, HOEPA, and RESPA generally has not been found to create a fiduciary duty.")  In *Peay v. Midland Mortg. Co.*, plaintiffs attempted to assert a negligence claim via a statutory violation of RESPA, and the court dismissed plaintiffs' negligence claim without leave to amend, noting that "Midland, as the servicer of plaintiffs' loan, owed no special duty to prevent harm to plaintiffs, and so plaintiffs' cause of action for negligence must fail as to Midland . . . Plaintiffs' negligence per se claim

fails because Midland does not owe plaintiffs a duty of care." *Peay*, 2010 U.S. Dist. LEXIS 9143, *8-9.

Plaintiffs rely on a single district court case, *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009), to support their claim that a lender's duty to provide disclosures is sufficient to show a duty of care between the lender and the borrower. (Opp. at 6:14-16.) However, in that case the court found a purported duty under the Truth in Lending Act ("TILA"), not RESPA. *Champlaie*, 706 F. Supp. 2d at 1061 ("plaintiff has **not** adequately alleged a failure to provide any disclosure required by RESPA. Plaintiff has alleged plausible failures to provide disclosures required by TILA. [The lender] had a duty of care with regard to these disclosures.")

Moreover, although Plaintiffs conclusorily assert that Chase owed them a statutory duty of care, Plaintiffs' claim should be dismissed because they do not point to any provision in RESPA that creates such a duty. *Fullmer v. JPMorgan Chase Bank*, 2010 U.S. Dist. LEXIS 60797 (E.D. Cal. June 16, 2010) (citing *Peay v. Midland Mortg. Co.*, 2010 U.S. Dist. LEXIS 9143, (E.D. Cal. 2010). Plaintiffs repeatedly assert that loan servicers have a "duty" under RESPA (Opp. at 6-7), but do not identify any provision which creates a "duty of care."

Nowhere in Plaintiffs' FAC have they pled that Chase exceeded its conventional role as lender or loan servicer in corresponding with Plaintiffs about their home loan. Indeed, the allegations in the FAC are identical to the deficient allegations in the original Complaint with respect to the negligence-based causes of action. Therefore, the FAC does not adequately allege that Chase breached a duty of care to Plaintiffs.

//
//
//
//
//
//

### III.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court dismiss Plaintiffs' claims for Negligence and Negligent Infliction of Emotional Distress with prejudice.

DATED:  December 9, 2013

/s/ Alexander J. Casnocha
PHILIP A. MCLEOD
ALEXANDER J. CASNOCHA
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.
(erroneously sued as "JPMORGAN CHASE BANK")