IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AND LINDA BOESSENECKER,<br><br>    Plaintiffs,<br>  v.<br><br>JPMORGAN CHASE BANK,<br><br>    Defendant.<br>_____/ | No. 13-0491 C MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS NEGLIGENCE CAUSES OF ACTION; VACATING HEARING** |

    Before the Court is defendant's motion, filed November 15, 2013, to dismiss the Third ("Negligence") and Fourth ("Negligent Infliction of Emotional Distress") Causes of Action as alleged in plaintiffs' First Amended Complaint ("FAC").  Plaintiffs have filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing set for January 17, 2014 and rules as follows.

**DISCUSSION**

    **A.    Negligence**

    Plaintiffs' negligence claim is predicated on defendant's failure to respond to two Qualified Written Requests ("QWRs"), in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

    By order filed July 24, 2013, the Court dismissed the claim as alleged in plaintiffs' initial complaint, on the ground that plaintiffs had failed to plead facts showing defendant

owed plaintiffs a duty of care, and, in particular, that plaintiffs had not alleged defendant acted outside or "beyond the domain of the usual money lender." See Connor v. Great W. Sav. & Loan Ass'n, 69 Cal. 2d 850, 864 (1968)); see also Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App 3d 1089, 1096 (1991) (holding, "[a]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money"; applying factors discussed in Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958),[1] and finding no duty of care based on allegedly negligent appraisal by lender).

By the instant motion, defendant argues plaintiffs have failed to cure the deficiency previously identified by the Court. As defendant correctly notes, plaintiffs' FAC includes no new factual allegations, and although plaintiffs do cite to authority not previously referenced, see Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872 (2013); Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029 (E.D. Cal. 2009), the facts of the cited cases are distinguishable, see Jolley, 213 Cal. App. 4th at 897–906 (finding public policy favored divergence from "general rule" where lender allegedly failed to review request for loan modification despite earlier representations as to likelihood of modification); Champlaie, 706 F. Supp. 2d at 1061 (finding duty of care based on lender's failure to make disclosures as required by Truth in Lending Act ("TILA")). Nevertheless, case authority cited favorably in the former more closely resembles the facts on which plaintiffs here rely. See Jolley, 213 Cal. App. 4th at 901 (citing Osei v. Countrywide Home Loans, 692 F. Supp. 2d 1240 (E.D. Cal. March 3, 2010)); id. at 1249–50 (holding, where plaintiff brought negligence claim based on alleged violation of RESPA, "[defendant] had a

---

[1] In Biakanja, the California Supreme Court listed six non-exclusive factors relevant to a determination as to duty of care: (1) "extent to which the transaction was intended to affect the plaintiff"; (2) "foreseeability of harm to him"; (3) "degree of certainty that the plaintiff suffered injury"; (4) closeness of the connection between the defendant's conduct and the injury suffered"; (5) "moral blame attached to the defendant's conduct"; and (6) "policy of preventing future harm." See Biakanja, 49 Cal. 2d at 650 (holding, where plaintiff beneficiary alleged negligent preparation of sibling's will, absence of privity did not preclude finding of duty of care).

2

1 duty of care with regard to RESPA disclosures"; noting, "[a]lthough the[] disclosures [fell]
2 within the scope of the lender's normal activities, each of the Biakanja factors support[ed]
3 finding a duty of care").

4     Although there is no California Supreme Court authority finding a duty of care other
5 than where the lender has acted "beyond the domain of the usual money lender," see
6 Connor, 69 Cal. 2d at 864,[2] this Court, given the above-referenced additional authority cited
7 by the California Court of Appeal, declines at this stage of the proceedings to preclude
8 plaintiffs from pursuing their negligence claim. See Jolley, 213 Cal. App. 4th at 901 (citing
9 Osei, 692 F. Supp. 2d at 1249); Ryman v. Sears, Roebuck and Co., 505 F.3d 993, 994 (9th
10 Cir. 2007) (holding, for purposes of state law claim, federal court "must follow [relevant]
11 state intermediate appellate court decision unless the federal court finds convincing
12 evidence that the state's supreme court likely would not follow it").

13     Accordingly, defendant's motion to dismiss plaintiffs' Third Cause of Action will be
14 denied.

15     **B.    Negligent Infliction of Emotional Distress**

16     There is no separate cause of action for negligent infliction or emotional distress;
17 rather, emotional distress is an element of damages. See Wong v. Tai Jing, 189
18 Cal. App. 4th 1354, 1377 (2010) (holding "claim of negligent infliction of emotional distress
19 is not an independent tort but the tort of negligence to which the traditional elements of
20 duty, breach of duty, causation, and damages apply"). As discussed above, plaintiffs' claim
21 of negligence is not subject to dismissal. "To recover damages for emotional distress on a
22 claim of negligence where there is no accompanying personal, physical injury," however,
23 "the plaintiff must show that the emotional distress was serious." Id. (internal quotation and

---

25     [2] Although Connor made reference to the Biakanja factors, it did so (1) only after it
26 found the defendant therein had acted outside the role of a usual lender, see Connor, 69 Cal. 2d at 864 (finding defendant "became an active participant in a home construction
27 enterprise"), and (2) solely for the purpose of addressing the defendant's argument that it nonetheless had no duty of care as there was no privity of contract, see id. at 865; see also
28 Biakanja, 49 Cal. 2d at 650 (holding lack of privity not dispositive).

citation omitted). Here, defendant argues, plaintiffs fail to plead facts sufficient to support their allegation that they have suffered serious emotional distress. The Court agrees.

"Serious emotional distress" is "functionally the same as the articulation of 'severe emotional distress,'" id. at 1378, which means "emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it," id. at 1376 (internal quotation and citation omitted). Here, plaintiffs allege, in conclusory fashion, they have suffered "severe humiliation, mental anguish, and emotional, physical and economic distress, and they have been injured in mind and body." (See FAC ¶ 83.) Such allegation is not sufficient, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted), and the factual allegations plaintiffs offer in support thereof do not evidence emotional distress rising to a level that "a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case,'" see Wong, 189 Cal. App. 4th at 1377-78 (internal quotation and citation omitted); (see also FAC ¶¶ 79–80 (alleging "Mr. Boessenecker . . . has seen his doctor several times complaining of stress," "[p]laintiffs were not taking vacations since they were waiting to hear from Chase," and plaintiffs were "not spending any money")).

Accordingly, defendant's motion to dismiss the Fourth Cause of Action will be granted, and, to the extent plaintiffs seek damages for emotional distress, plaintiffs will be afforded leave to amend their Third Cause of Action to allege additional facts, if any, in support of their claim for such non-economic damages.

**CONCLUSION**

For the reasons stated above, defendant's motion is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent defendant seeks dismissal of the Fourth Cause of Action, the motion is GRANTED, and said cause of action is hereby DISMISSED without leave to

4

amend.

2. To the extent defendant seeks dismissal of the Third Cause of Action, the motion is DENIED; if, however, plaintiffs wish to include emotional distress in their prayer for compensatory damages, they may amend the Third Cause of Action to allege additional facts as set forth above.

3. Plaintiffs' Second Amended Complaint, if any, shall be filed no later than January 24, 2014.

**IT IS SO ORDERED.**

Dated: January 10, 2014

MAXINE M. CHESNEY
United States District Judge